Jeffrey Bouey
122 Willow Street
Plymouth, PA 18651
Telephone: 862-202-7940
Email: jbouey2006@gmail.com
**Plaintiff Pro Se**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JEFFREY BOUEY,**<br>122 Willow Street<br>Plymouth, PA 18651<br><br>Plaintiff,<br><br>v.<br><br>**THE REALREAL, INC.,**<br>a Delaware Corporation<br>55 Francisco Street, Suite 600<br>San Francisco, CA 94133<br><br>Defendant. | **Civil Action No. ________________**<br><br>Related to Civil Action No.<br>2:26-cv-00394-BRM-JBC<br><br>**PROTECTIVE COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff Jeffrey Bouey, proceeding pro se, files this protective civil action within ninety (90) days of his receipt of the Equal Employment Opportunity Commission's September 21, 2026 Notice of Right to Sue (Conciliation Failure) in Charge No. 524-2025-01140. This action preserves Plaintiff's newly exhausted claims under Title VII of the Civil Rights Act of 1964 while his related action under 42 U.S.C. § 1981 remains stayed and the parties proceed in arbitration before JAMS pursuant to the Court's August 12, 2026 Order in Civil Action No. 2:26-cv-00394-BRM-JBC. In support, Plaintiff alleges as follows:

## I. PARTIES

1. Plaintiff Jeffrey Bouey is a Black and African American man who resides at 122 Willow Street, Plymouth, Pennsylvania 18651.

2. Defendant The RealReal, Inc. ("TRR") is a Delaware corporation with its principal place of business at 55 Francisco Street, Suite 600, San Francisco, California 94133. TRR is a publicly traded company (NASDAQ: REAL) that maintains facilities in New Jersey, including in Perth Amboy, New Jersey, which served as Plaintiff's assigned home worksite, and employed Plaintiff in New Jersey. At all relevant times TRR employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and upon information and belief employed more than five hundred employees. TRR is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## II. JURISDICTION AND VENUE

3. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and jurisdiction under 42 U.S.C. § 2000e-5(f)(3).

4. Venue is proper in the District of New Jersey under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because the alleged unlawful employment practices occurred in New Jersey, Plaintiff worked for TRR in New Jersey, and Plaintiff would have continued working in New Jersey but for the alleged unlawful employment practices.

## III. RELATED FEDERAL ACTION AND ARBITRATION

5. Plaintiff previously filed Bouey v. The RealReal, Inc., et al., Civil Action No. 2:26-cv-00394-BRM-JBC, asserting race-discrimination and retaliation claims under 42 U.S.C. § 1981 arising from the same employment relationship and January 31, 2025 termination.

6. On August 12, 2026, the Court compelled the § 1981 claims in that action to JAMS arbitration and stayed the federal action.

7. Plaintiff files this separate protective Title VII action because the EEOC completed the Title VII administrative process after the earlier federal action had been filed and stayed. Plaintiff does not seek through this Complaint to evade or collaterally attack the August 12, 2026 Order.

8. Plaintiff has supplemented the JAMS demand to place the newly exhausted Title VII claims before the arbitral forum while preserving the federal ninety-day filing right through this court action.

## IV. EEOC CHARGE AND EXHAUSTION

9. The EEOC Public Portal records a submission date of January 31, 2025 for the matter later designated Charge No. 524-2025-01140. The verified Form 5 Charge of Discrimination under that same charge number was signed and filed on November 19, 2025 and was presented to the EEOC and the New Jersey Division on Civil Rights.

10. The November 19, 2025 verified charge was filed within 300 days of Plaintiff's January 31, 2025 termination. Plaintiff preserves any relation-back argument concerning the earlier portal submission under applicable law, including 29 C.F.R. § 1601.12(b).

11. The charge identified race and color among the protected bases and alleged discrimination and retaliation because of race.

12. On December 16, 2025, Plaintiff submitted a sworn Supplemental Statement expressly clarifying that the charge alleged both race discrimination and retaliation and describing the protected-activity timeline.

13. On September 9, 2026, the EEOC issued a merits determination finding reasonable cause to believe violations occurred. The determination stated, among other things, that Plaintiff had established a prima facie case; that the Commission repeatedly sought Respondent's response and documents; that Respondent failed to produce key documents that could potentially support its defense; and that greater credibility should be assigned to Plaintiff's contention that unlawful discrimination played a factor in his termination. A true and correct copy of the determination is attached as Exhibit B.

14. On September 21, 2026, after conciliation failed, the EEOC issued a Notice of Right to Sue (Conciliation Failure). Plaintiff received the Notice electronically that same day. A true and correct copy of the Notice is attached as Exhibit A, and a true and correct copy of the electronic transmission by which Plaintiff received it is attached as Exhibit A-1.

15. This Complaint is filed within ninety days of Plaintiff's receipt of the Notice.

## V. FACTUAL ALLEGATIONS

16. TRR hired Plaintiff in December 2023 as a Senior Systems Engineer working under a flexible hybrid arrangement.

17. After Michael Sollenberger became Plaintiff's manager, Plaintiff was subjected to materially different workload, office-attendance, performance-management, and reporting expectations than non-Black coworkers.

18. Plaintiff repeatedly had substantially more active Jira work than identified White comparators, and similarly situated coworkers were afforded materially more flexible remote or hybrid treatment.

19. In October 2024, Plaintiff challenged a Performance Improvement Plan and provided management and Human Resources with a detailed written rebuttal and supporting evidence alleging disparate treatment.

20. Earlier conduct, including the October 2024 PIP, workload differences, and earlier attendance treatment, is pleaded here as background, notice, motive, and pretext evidence bearing on the timely January 31, 2025 termination, and not as separate discrete Title VII claims for damages outside the applicable charge period.

21. In January 2025, the dispute continued. On January 29–30, 2025, Sollenberger imposed or reiterated mandatory office-day and weekly-status requirements that had not been applied uniformly across the team.

22. On January 30, 2025, Plaintiff objected in writing to what he reasonably believed was discriminatory disparate treatment and selective enforcement.

23. TRR terminated Plaintiff on January 31, 2025, less than twenty-four hours after the January 30 written objection.

24. Plaintiff’s system access was disabled before the termination meeting, and Plaintiff was not given a legitimate documented reason for the termination.

25. TRR’s stated or anticipated performance explanations are pretextual, and race discrimination and retaliation were unlawful causes of the January 31, 2025 termination.

## COUNT I

### Discrimination Because of Race and Color in Violation of Title VII

**42 U.S.C. § 2000e-2(a)**
**(Against The RealReal, Inc.)**

26. Plaintiff incorporates paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiff is protected from discrimination because of race and color under Title VII, 42 U.S.C. § 2000e-2, and was qualified for his position and performing his duties satisfactorily.

28. TRR terminated Plaintiff on January 31, 2025.

29. Race and color were motivating factors in the termination, and the termination would not have occurred in the same manner absent unlawful discrimination.

30. Plaintiff exhausted the administrative prerequisites to this claim through Charge No. 524-2025-01140 and the September 21, 2026 Notice of Right to Sue.

31. As a direct and proximate result, Plaintiff suffered lost wages and benefits, career disruption, emotional distress, humiliation, reputational harm, and other compensable injury.

## COUNT II

**Retaliation in Violation of Title VII**
**42 U.S.C. § 2000e-3(a)**
**(Against The RealReal, Inc.)**

32. Plaintiff incorporates paragraphs 1 through 31 as if fully set forth herein.

33. Plaintiff engaged in protected opposition to perceived race discrimination, including his October 2024 complaint and detailed rebuttal and his January 30, 2025 written objection to allegedly discriminatory treatment and selective policy enforcement.

34. TRR knew of Plaintiff’s protected opposition.

35. TRR terminated Plaintiff on January 31, 2025, less than twenty-four hours after the January 30 written objection.

36. Retaliation for protected opposition was a but-for cause of the termination, in violation of 42 U.S.C. § 2000e-3(a).

37. Plaintiff exhausted the administrative prerequisites to this retaliation claim through Charge No. 524-2025-01140, the December 16, 2025 Supplemental Statement, and the September 21, 2026 Notice of Right to Sue.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant The RealReal, Inc. and award the following relief:

a. Back pay, including lost wages, benefits, and other compensation, with prejudgment interest;

b. Front pay, or reinstatement where appropriate;

c. Compensatory damages for emotional distress, humiliation, and reputational harm;

d. Punitive damages to the extent legally available;

e. Declaratory and equitable relief;

f. Costs of this action and any fees recoverable under 42 U.S.C. § 2000e-5(k); and

g. Such other and further relief as the Court deems just and proper.

Plaintiff does not seek duplicative recovery for the same injury and preserves the separate remedies available in the related action under 42 U.S.C. § 1981.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable, subject to any valid and applicable arbitration order or further order of the Court.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, I certify that the matter in controversy is the subject of the following other proceedings: (1) Bouey v. The RealReal, Inc., et al., Civil Action No. 2:26-cv-00394-BRM-JBC (D.N.J.), presently stayed; and (2) a pending JAMS employment arbitration between Jeffrey Bouey, The RealReal, Inc., and Michael Sollenberger, commenced pursuant to the August 12, 2026 Order in that action. I am not aware of any other action, proceeding, or arbitration that is pending or contemplated involving the matter in controversy, and I am not aware of any other party who should be joined in this action. I certify under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

______________________________

Jeffrey Bouey
Plaintiff Pro Se
122 Willow Street
Plymouth, PA 18651
Telephone: 862-202-7940
Email: jbouey2006@gmail.com

Dated: ________________, 2026

Dated: 09/21/2026