**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(973) 776-7700**

**CHAMBERS OF**
**JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**

**U.S. COURTHOUSE**
**50 WALNUT STREET, ROOM 2060**
**NEWARK, NJ 07102**

November 12, 2026

**LETTER ORDER CONSOLIDATING CASES & STAYING CLAIMS**

**Re:** **Bouey v. The RealReal, Inc.**
**Civil Action No. 26-394 (BRM)**
**Civil Action No. 26-12489 (BRM)**

Dear Mr. Bouey and Counsel,

By way of background, on January 12, 2026, *pro se* Plaintiff Jeffrey Bouey ("Plaintiff") filed a Complaint against Defendants The RealReal, Inc. and Michael Sollenberger (collectively, "Defendants"), asserting claims of race discrimination and retaliation under 42 U.S.C. § 1981 in connection with his employment with Defendants. *See* 26-cv-394, Dkt. No. 1, Compl. Defendants responded to Plaintiff's Complaint by filing a motion to stay and compel arbitration on March 3, 2026. 26-cv-394, Dkt. No. 10. On August 12, 2026, the Court issued an Opinion & Order granting Defendants' motion to compel arbitration and staying Plaintiff's claims pending the completion of arbitration pursuant to the underlying Arbitration Agreement. *See id.*, Dkt. Nos. 15 (Op.), 16 (Order). In relevant part, the Court's Opinion held that: (1) the Arbitration Agreement was signed by Plaintiff upon his acceptance of employment with Defendants and (2) that the Agreement provided for arbitration of Plaintiff's advanced claims of employment discrimination and retaliation. *See* Op.

After the Court's decision compelling arbitration in Plaintiff's original action, 26-cv-394, Plaintiff filed a new action against Defendant The RealReal, Inc. (hereinafter, "TRR") on

September 21, 2026 (the "Related Case"). *See* 26-cv-12489, Dkt. No. 1, Compl. Plaintiff's Complaint in the subsequently filed action expressly states that the claims asserted are related to Plaintiff's earlier case, but that Plaintiff filed a new action "to preserve[] [] newly exhausted claims under Title VII of the Civil Rights Act of 1964." *See generally id.* The Complaint in the Related Case directly acknowledges that Plaintiff's original federal court action is stayed and nevertheless asserts two related claims against TRR: race discrimination and retaliation, both under Title VII. *See id.* at pp. 5-7.

Plaintiff filed an executed summons return form in the Related Case on October 13, 2026, indicating that TRR had been served on or about October 12, 2026. Dkt. No. 5. Accordingly, TRR's deadline to answer was set in the Related Case for November 2, 2026. *Id.* TRR did not file a responsive pleading in the Related Case. Plaintiff therefore requested clerk's entry of default as to TRR, which was granted on November 6, 2026, and thereafter filed a motion for default judgment against TRR which remains pending before the Court in the Related Case. *See* Dkt. Nos 6 (Pl.'s Request for Clerk's Entry of Default); 7 (Pl.'s Mot. for Default Judgment).

On November 6, 2026, TRR filed a letter to the Court in Plaintiff's original action regarding the Related Case. 26-cv-394, Dkt. No. 17. TRR's letter explains that the Related Case asserts additional claims of discrimination and retaliation under Title VII arising from the same set of facts as Plaintiff's original Complaint. *Id.* at 1-2. TRR therefore requests that, based upon this information and the Court's August 12, 2026 Opinion & Order in 26-cv-394, Plaintiff's Related Case also be stayed and compelled to arbitration or alternatively consolidated. *Id.* at 2. TRR further requests that Plaintiff's default judgment motion in the Related Case be denied considering the same circumstances. *Id.*

Plaintiff filed a letter in opposition to TRR's requests on November 19, 2026, *see* 26-cv-394, Dkt. No. 18, and also filed a supplemental opposition letter in the Related Case on November 12, 2026, largely reiterating the same points raised in his first opposition letter, *see* 26-cv-12489, Dkt. No. 8.

The Court has carefully considered the parties' letters and the procedural history in each of Plaintiff's cases. In light of the circumstances presented, and considering the Court's inherent authority to manage its own dockets, **IT IS** on this 12th day of November, 2026, **ORDERED** as follows:

1. In the interests of judicial economy and efficiency, Plaintiff's Related Case, 26-cv-12489 (BRM) (JBC), is herewith **CONSOLIDATED** with Plaintiff's original federal action, 26-cv-394 (BRM) (JBC) (the Lead Case).
2. Because the Court's August 12, 2026 Opinion & Order made clear that the subject Arbitration Agreement compels the following claims to arbitration—"claims by the Employee for *employment discrimination*, harassment, *retaliation*, wrongful termination or defamation under any federal, state, or local law, regulation, ordinance, or executive order or under common law," *see* 26-cv-394, Dkt. No. 15 at pp. 17-18 (emphasis in original), Plaintiff's claims in the Related Case for discrimination and retaliation under Title VII, a federal law, shall likewise be **STAYED** and compelled to arbitration under the Arbitration Agreement.
3. Plaintiff's motion for default judgment in the Related Case [Dkt. No. 7] is **DENIED** for the reasons set forth herein and because the Third Circuit has repeatedly expressed its policy of "disfavoring default judgments and encouraging decisions on the merits,"

*see Husain v. Casino Control Comm'n,* 265 F. App'x 130, 133 (3d Cir. 2008) (citing *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 981 (3d Cir. 1988)).

**IT IS SO ORDERED**.

*s/ James B. Clark, III*
**JAMES B. CLARK, III**
**United States Magistrate Judge**